By the Court.—Sedgwick, Ch. J.
—I am of opinion that the order of arrest should have been vacated, on the ground that the affidavits did not show fraud as to the cause of action which the complaint alleged.
The claim is that the complaint shows that by reason of false and fraudulent representations made by the defendant, the plaintiff was induced to part with certain moneys. The complaint to sufficiently set out such a cause of action must state with directness and certainty that the defendant made the representations. The part of the complaint which shows what the defendant did state is as follows: That the defendant “stated and represented to the plaintiffs that he was the sole owner and holder of all the shares of the capital stock of a certain corporation, formed under the laws of this State, and known as the Central Florida Mills <& Lumber Company, which company owned and held the title to about thirty-three acres of land situated at Appalachicola, Franklin county, Florida, having thereon a large and valuable saw-mill, with its machinery, fixtures, and appurtenances, also having an extensive water front of over two thousand feet, on Turtle .Harbor, with large and commodious wharves, all of which he represented to be of great value—a rare investment.”
The clauses “which company owned and held the title ” to thirty-three acres of land, and “having thereon a large and valuable saw-mill, etc.; also having an extensive water front, with large and commodious wharves, etc.,” do not appear to be allegations of statements made by the defend *100 ants, but are descriptions of the property made by the pleader. The rule is, that allegations which are consistent with there being no cause of action are not to be deemed as tending to show a cause of action, and in this casé, it as much appears that the defendant did not assert the existence of the facts embodied in the clause referred to as that he did.
The last clause—“all of which he represented to be of great value and a rare investment,”—taken in a sense most favorable to the plaintiffs, does not refer to anything which would make the cause of action on which the plaintiffs rely. It refers to the stock, the land, the mill, the water front and the wharves. The plaintiffs do not deny the value of these; and if they did, the matter was of opinion and not of fact. It does not contain an allegation of a representation that the water front was a part of the property, and the plaintiffs rely for their cause of action mainly on their claim that such a representation was made.
"The complaint subsequently alleges that afterwards the defendant met one of the plaintiffs in Florida, and then and there pretended to point out “to that plaintiff the metes 'and bounds of said lands,” and “further pointed out that company’s land (included in said thirty-three acres) took in and included all of the land immediately south of the mill between said mill and a certain creek, with said watel’ front of two thousand feet as aforesaid ; that the defendant then and there, in repetition of what he had before said in that behalf, reiterated and represented that said water front and wharfage were of great and permanent value to the property and business.” Excluding the allegations of “pointing out” and “ pretending to point out,” this part of the complaint does not strengthen the attempted statement of a cause of action. The words “pretending to point out” and .“pointed out,” have no definite meaning, and certainly are not the equivalent of said or represented. They describe acts of some kind, and there are no. sufficient allegations that these undefined acts were of a fraudulent character. There is no allegation, moreover, that any money was paid *101 upon the inducement of the representations set out in the latter part of the complaint. It is consistent with the allegations of the complaint taken together that all the moneys were paid upon the faith in the representations as first alleged.
There remains, then, only the representation first alleged in the complaint, that the defendant owned the shares referred to. There is no doubt of the truth of this representation.
The order appealed from should be reversed, with $10 costs, and the order of arrest should be vacated with $10 costs, to abide event.
O’Gorman, J., concurred.